UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL ANTONIO HOWARD, )
)
      Plaintiff, )
)
v. ) CV424-077
)
CITY OF SAVANNAH, *et al.*, )
)
      Defendants. )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Antonio Howard, an inmate at the Chatham County Detention Center, has submitted a complaint alleging various defects with his state prosecution. *See generally* doc. 1.[1] He seeks to proceed *in forma pauperis* (IFP). Doc. 2. While Plaintiff discloses only $140 in his prison trust account, he also states that he receives $1,100 in Social Security retirement payments every month and that he has had $1,600 deposited to his prison trust account in the past six months. *Id.*

---

[1] Plaintiff's Complaint is not signed, *see* doc. 1 at 6, and, accordingly, the Clerk has issued a Notice of Filing Deficiency and directed Plaintiff to sign and return the Complaint form within 14 days. *See* doc. 3. Assuming Plaintiff will comply with that direction, the Court issues this Report and Recommendation ("R&R"). Nothing in this R&R relieves Plaintiff of his obligation to sign and return the Complaint form by May 6, 2024. *Id.*

at 2. Accordingly, Plaintiff does not appear indigent. His motion for leave to proceed IFP should be **DENIED**.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Furthermore, courts have discretion to afford litigants IFP status. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined a plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely

discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

Though Plaintiff does not *currently* have enough money is his prison trust account to pre-pay the filing fee, given his monthly Social Security payments and his representation that he has had $1,600 deposited in his prison trust account in the past six months, Plaintiff is not indigent. Prisoners may not spend the balance of their prison trust accounts to avoid prepaying the filing fee. *See Briand v. Florida*, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006) ("If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of judicial time and effort."); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) ("The district judge was entitled to consider [plaintiff's] own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary . . ."); *Lumbert v. Ill. Dept. of Corrs.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy [. . .] than to file a civil rights suit, he has demonstrated an implied evaluation of

the suit that the district court is entitled to honor."). Accordingly, his application to proceed *in forma pauperis* should be **DENIED**.[2] Doc. 2.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[2] If Plaintiff believes the Court has misconstrued his financial situation, his opportunity to object to this Report and Recommendation, discussed below, provides him an opportunity to clarify it. He is reminded that any submission regarding his finances must be truthful. To the extent that Plaintiff wishes to clarify his financial condition, he is **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)). The Clerk is **DIRECTED** to send Plaintiff a blank copy of Form AO 239 with this Report and Recommendation for his convenience. To the extent that he wishes to amend any of his prior disclosures, he must also explain why he did not fully or accurately disclose the information on his first application.

The Court notes that, pursuant to its Local Rules, Howard would be entitled to twenty-one days from the date the District Judge adopts this Report and Recommendation to pay the required fee. *See* S.D. Ga. L. Civ. R. 4.2(2). Given his disclosure that he receives monthly payments in excess of the required filing fee, and his incarceration would appear to significantly diminish, if not eliminate, his living expenses, that period should afford him sufficient time to make any financial arrangements necessary to pay the required fee.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA