UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL ANTONIO HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-077 |
| | ) | |
| CITY OF SAVANNAH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Michael Antonio Howard, an inmate at the Chatham County Detention Center, has submitted a complaint alleging various defects with his state prosecution. *See generally* doc. 1; *see also* doc. 6 (signature page). He requested leave to proceed *in forma pauperis* (IFP). Doc. 2. The Court recommended that leave be denied, as Howard was not indigent. Doc. 5. While the Report and Recommendation was pending, Howard consented to the undersigned's plenary jurisdiction. Doc. 7. He did not object to the Report and Recommendation, but did submit a supplemental Motion to Proceed *In Forma Pauperis*. Doc. 8. The financial information he has submitted in both motions indicates that he is not indigent, and his Motions are, therefore, **DENIED**. Docs. 2 & 8.

1

While Plaintiff discloses only $140 in his prison trust account, he also states that he receives $1,100 in Social Security retirement payments every month and that he has had $1,600 deposited to his prison trust account in the past six months. Doc. 2 at 2. His supplemental application confirms his monthly benefit payment. Doc. 8 at 2. It also indicates, albeit somewhat ambiguously, that Howard concedes he is able to pay. *See id.* at 5 (requesting "the way to address money order [sic] and total amount due."). Accordingly, Plaintiff does not appear indigent.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Furthermore, courts have discretion to afford litigants IFP status. 28 U.S.C. § 1915(a)(1)

(courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined a plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

Though Plaintiff may not *currently* have enough money in his prison trust account to pre-pay the filing fee, *see* doc. 8 at 2, given his monthly Social Security payments and his representation that he has had $1,600 deposited in his prison trust account in the past six months, Plaintiff is not indigent. Prisoners may not spend the balance of their prison trust accounts to avoid prepaying the filing fee. *See Briand v. Florida*, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006) ("If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of judicial time and effort."); *see also Olivares v. Marshall*, 59 F.3d 109, 112

(9th Cir. 1995) ("The district judge was entitled to consider [plaintiff's] own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary . . .").

Accordingly, Howard's applications to proceed *in forma pauperis* are **DENIED**. Docs. 2 & 8. The prior Report and Recommendation is **VACATED**. Doc. 5. Pursuant to the Court's Local Rules, Plaintiff is **DIRECTED** to submit the appropriate filing fee within twenty-one days of the service date of this Order. S.D. Ga. L. Civ. R. 4.2(2). Failure to make timely payment will result in dismissal. *Id*. To the extent that Howard has any questions concerning the procedure for remitting the required payment, they should be directed to the Clerk of Court.

**SO ORDERED**, this 15th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA